IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES T. JONES, | |
| v. | Civil Action No. CCB-20-2151 |
| J.R. BELL. | |

## MEMORANDUM & ORDER

Now pending is federal prison inmate James T. Jones's motion for relief under 28 U.S.C. § 2241. Pet. for Writ of Habeas Corpus, ECF 1 ("Habeas Petition"). He raises various challenges to the sentence imposed in the Northern District of Ohio on November 3, 2017, following his guilty plea to several drug and gun offenses. *See* Indictment, ECF 10-1; Plea Hrg. Tr., ECF 10-2; Judgment, ECF 10-3. He appears to attack his Section 851 enhancement, his career offender designation, and several alleged errors in the presentence report, and also raises a claim under *Rehaif*. *See* Habeas Petition (as supplemented, ECFs 6, 8, 9, 11, 12, 16, 19, 21, 24, 25); Opp'n to Mot. to Dismiss, ECF 15. The government has opposed the motion. Mot. to Dismiss, ECF 10; Reply, ECF 26.

Mr. Jones agreed to waive his appeal rights with limited exceptions. Plea Hrg. Tr. at 13-14. Nonetheless, in October 2019, Jones filed a motion under 28 U.S.C. §§ 2255 and 2241 in the Northern District of Ohio challenging his career offender designation; the motion was denied on November 19, 2019, because of his appeal waiver. Postconviction Habeas Mem., ECF 10-4.

On July 17, 2020, Jones filed this 2241 petition in the District of Maryland. *See* Habeas Petition. He was then housed at FCI Cumberland, *id.*, but according to the BOP Inmate Locator is

now in custody at FCI Marianna in the Northern District of Florida.[1] Location of James Jones, BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search for Number 64399-060) (last visited May 2, 2024). Shortly thereafter he filed a second Section 2255 petition in the Northern District of Ohio raising the same claims as in this Section 2241 petition. Second Postconviction Habeas Pet., ECF 10-5. He has not obtained permission from the Sixth Circuit for a second or successive motion under 28 U.S.C. § 2255. Dismissal of Pet. Second or Successive Habeas Pet., ECF 26-4. Further, while this case was pending, on October 4, 2021, Jones filed a motion under Rule 60(b) in his postconviction proceedings (which the Northern District of Ohio court construed in part as a petition under 28 U.S.C. § 2241, citing *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016)) raising essentially the same issues. Rule 60(b) Mot., ECF 26-5. That motion was denied on October 6, 2021. Mem. Denying Rule 60(b) Mot., ECF 26-6.

From the record it appears that all of Jones's claims already have been determined by another court with proper jurisdiction. *See* Mem. Denying Rule 60(b) Mot; *see* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

---

[1] Jones's transfer to another district is not sufficient to deprive this court of jurisdiction over his habeas claim. Under *Ex parte Endo*, a court retains jurisdiction over a properly filed habeas petition when "a person in whose custody [the petitioner] is remains within the district." 323 U.S. 283, 306 (1944); *see Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("*Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *In re Hall*, 988 F.3d 376 (7th Cir. 2021) (applying *Endo* and concluding that district court retained jurisdiction over BOP inmate's Section 2241 petition after he was transferred from filing district, the Southern District of Indiana, to the Middle District of Florida).

him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). Jones has not shown that that proceeding was inadequate or ineffective to test the legality of his detention, nor has he shown any basis for disagreement, even if this court had authority to do so. To the extent his *Rehaif* claim may not have been addressed, that claim is improperly brought, *Jones v. Hendrix*, 599 U.S. 465 (2023) (holding that inmate cannot pursue *Rehaif* relief on Section 2241 motion despite second or successive bar in 28 U.S.C. § 2255(h)), and is in any event meritless given the appeal waiver, *see* Plea Hrg. Tr. at 13-14, the procedural default, and the Supreme Court's opinion in *Greer v. United States*, 593 U.S. 503 (2021). Nor has he shown any ineffective assistance of counsel or prosecutorial misconduct.

Accordingly, it is hereby **ORDERED** that:

1. The government's motions to dismiss (ECFs 10, 26) are **GRANTED**;
2. The government's motion to seal (ECF 27) is **GRANTED**;
3. Jones's petition for habeas corpus (ECF 1) as supplemented (ECF 6, 8, 9, 11, 12, 16, 19, 21, 24, 25) is **DISMISSED**;
4. No certificate of appealability will be issued;
5. The Clerk shall **SEND** a copy of the Memorandum and Order to James T. Jones and counsel of record; and
6. The Clerk shall **CLOSE** this case.

  5/3/2024  
Date

　　　　　　　　　/s/　　　　　　　　　　　  
Catherine C. Blake  
United States District Judge